**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FOLAJIMI IBIKINLE AKINSHILO, | No. 06-75348 |
| Petitioner, | Agency No. A093-493-971 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010[**]

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Folajimi Ibikinle Akinshilo, a native and citizen of Nigeria, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

DL/Research

withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial

evidence, *Nahrvani v. Gonzales*, 399 F.3d 1148, 1151 (9th Cir. 2005), and we deny

the petition for review.

We do not address Akinshilo's challenges to findings set forth by the IJ but

not adopted by the BIA. *See Brezilien v. Holder*, 569 F.3d 403, 411 (9th Cir.

2009) (where the BIA conducts its own review of the evidence and law rather than

adopting the IJ's decision, our review is limited to the BIA's decision, except to the

extent that the IJ's opinion is expressly adopted).

We reject the government's argument that we lack jurisdiction because

Akinshilo was found to be removable based upon his prior criminal conviction.

*See Bromfield v. Mukasey*, 543 F.3d 1071, 1075 n.4 (9th Cir. 2008) (jurisdiction

exists where the agency has denied relief on the merits, notwithstanding

removability based upon an aggravated felony).

The record does not compel the conclusion that Akinshilo filed his asylum

application within a reasonable period of time given any changed or extraordinary

circumstances. *See* 8 C.F.R § 208.4(a)(4), (5); *Ramadan v. Gonzales*, 479 F.3d

646, 656-58 (9th Cir. 2007) (per curiam).

Substantial evidence supports the agency's finding that Akinshilo did not show that the Nigerian government was unable or unwilling to control the members of the Ogboni cult who threatened to harm him. In light of the documentary evidence, and Akinshilo's testimony acknowledging that cult practices were banned, Akinshilo cannot convincingly establish that reporting the cult's threats to the police would have been futile or subjected him to further harm. *See Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006); *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005). Accordingly, we deny the petition as to Akinshilo's withholding of removal claim.

Substantial evidence also supports the agency's finding that Akinshilo cannot show a likelihood of torture by or with the acquiescence of government officials if returned to Nigeria, and therefore we deny the petition as to Akinshilo's CAT claim. *See Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009).

The government's motion to strike exhibits attached to Akinshilo's reply brief is granted. *See* 8 U.S.C. § 1252(a)(4)(A).

**PETITION FOR REVIEW DENIED.**